IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNA TRACTENBERG, | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | |
| | : | |
| CITIGROUP INC. and CITICORP. | : | No. 10-3092 |
| Defendants | : | |

# M E M O R A N D U M

Stengel, J.                                                    December 21, 2011

     This case involves a Citibank credit card program, known as PaymentAid.  The plaintiff, Anna Tractenberg, challenges the arbitration agreement regarding that program and filed this motion concerning my September 2, 2011 Orders.  For the reasons stated below, I will deny the motion.

## I.      Background

     Anna Tractenberg filed a class complaint against Citigroup Inc. and Citicorp on June 25, 2010.  On September 13, 2010, Citibank (South Dakota), N.A.[1] filed a motion to compel arbitration and to stay the action.  On October 12, 2010, Ms. Tractenberg filed a cross-motion for entry of order striking Citibank (South Dakota), N.A.'s motion to compel arbitration and to stay the action.  Both motions were fully briefed.  On April 7, 2011, this case was stayed pending a decision in the United States Supreme Court case AT&T Mobility v. Concepcion, 131 S.Ct. 1740, 1744 (2011).  On May 31, 2011, Citibank filed a Notice of Ruling in AT&T Mobility LLC v. Concepcion.

---

[1] Citibank alleges Citibank (South Dakota), N.A. was incorrectly sued as Citigroup Inc. and Citicorp.

On June 30, 2011, Ms. Tractenberg filed a motion for leave to file a motion opposing mandatory arbitration or to conduct limited arbitration-related discovery. This court granted leave to file the supplemental motion, but denied the request for limited discovery. This court then entered an order staying the action pending completion of arbitration. On September 19, 2011, plaintiff filed the instant motion for reconsideration or application for certification pursuant to 28 U.S.C. § 1292(b). For the reasons stated below, I will deny the motion.

## II.    Discussion

### A.   Motion for Reconsideration

"The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). A court should grant a motion for reconsideration "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677 (quoting N. River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration "is not an opportunity for a party to re-litigate already decided issues or to present previously available evidence." Broadcast Music, Inc. v. La Trattoria East, Inc., No. 95-1784, 1995 U.S. Dist. LEXIS 13578, at *2 (E.D. Pa. September 15, 1995), or "a means to argue new facts or issues that inexcusably were not presented to the court in

the matter previously decided." <u>Johnson v. Diamond State Port Corp.</u>, 50 Fed. Appx. 554, 560 (3d Cir. 2002).  "Motions for reconsideration are rarely granted due to the strong interest in final judgments." <u>Retail Brand Alliance, Inc. v. Rockvale Outlet Center, LP</u>, 2007 U.S. Dist. LEXIS 22989, at *2 (E.D. Pa. Mar. 28, 2007).

Ms. Tractenberg alleges she did not knowingly enroll in PaymentAid and thus did not affirmatively assent to arbitrate her claims regarding Payment Protection.[2]  (Doc. #45 at 5).  She also asserts that the terms of the "agreement" with Citibank differ from <u>AT&T Mobility</u>, so the Court erred by failing to consider the differences in the language.  Ms. Tractenberg supports this argument with "Opinions from the District of Florida and the Central District of California."  (Doc. #45 at 5).

Plaintiff's argument about comparing the specific language from the agreement in <u>AT&T Mobility</u> and this case does not warrant granting the motion for reconsideration, as I addressed plaintiff's concerns in my previous Orders.  Additionally, the fact that the arbitration provisions in <u>AT&T Mobility</u> may have been dissimilar from the language in this case does not affect the Supreme Court's preemption analysis, which turned on general doctrinal principles rather than the specific wording.  <u>AT&T Mobility LLC</u>, 179 L. Ed. 2d at 754-59.

Next, Ms. Tractenberg argues that she never waived her right to assert the defense of a lack of a valid enforceable contract.  (Doc. #45 at 5).  I previously held, in my September 2nd Order (Doc. #42 at n. 1), that "[i]n her response to the motion to compel

---

[2] She asserts there is no valid, enforceable contract, and, therefore, there is no enforceable arbitration clause.  She also argues there is no evidence the PaymentAid Agreement was provided to her, as it is unsigned and undated.  She asserts the arbitration clause in the credit card contract should not be applied to the PaymentAid contract.

arbitration, Ms. Tractenberg did not argue the arbitration clause was invalid because there was no contract.  Rather, Ms. Tractenberg argued the arbitration provision was unconscionable."  Even if plaintiff is correct that she technically maintained the argument that the contract was invalid, this naked assertion in the current motion is insufficient to warrant reconsideration.  Ms. Tractenberg argues that her request for injunctive relief was ignored and warrants reconsideration because it is not preempted by the FAA and would leave plaintiffs without broad legal recourse.  However, along the same vein as Ms. Tractenberg's argument that no valid contract exists, the claim is untimely and relies upon authority not relevant in this District.

Finally, Ms. Tractenberg argues that the court should reconsider its Order denying arbitration-related discovery because following AT&T Mobility such discovery is necessary.  However, plaintiff's argument is merely a rehashing of her previous arguments, which were properly denied.  There has been no change in the law affecting the applicable standard for discovery under the FAA, nor has plaintiff shown the Order was clearly in error.

Upon review, I do not find good cause to grant plaintiff's motion for reconsideration.  The plaintiff has neither demonstrated the emergence of new facts or a change of law, nor has shown a manifest failure of the Court to consider material facts or dispositive legal arguments.

B.  1292(b)

Under 28 U.S.C. § 1292(b), a district judge has the discretion to certify an issue for immediate appeal, if the judge feels a party has met the "high standard to overcome

the 'strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals.'" <u>United States v. Nixon</u>, 418 U.S. 683, 690.  <u>See also</u> <u>Miron v. BDO Seidman, LLP</u>, No. 04-968, 2006 U.S. Dist. LEXIS 90758, 2006 WL 3742772, at *2 (E.D. Pa. Dec. 13, 2006)(stating the decision to issue an interlocutory order is appropriate only in exceptional circumstances because of the strong policy considerations).  In determining whether to certify an issue for immediate appeal, a court must determine: (1) whether the issue is a controlling issue of law; (2) whether there are substantial grounds for difference of opinion regarding the issue under consideration; and (3) whether an immediate appeal will materially advance the ultimate termination of the litigation.  <u>In re Chocolate Confectionary Antitrust Litigation</u>, 607 F.Supp. 2d 701, 704 (M.D. Pa. 2009); 28 U.S.C. § 1292(b).

Ms. Tractenberg argues that the issues are controlling and simple: (1) "is the arbitration agreement controlling and, if so, is it unconscionable?"  And (2) "is arbitration-related discovery required to determine the answers to these questions?" (Doc. # 45 at 9).  Plaintiff argues that there is a basis for a difference of opinion and knowing the procedural parameters is necessary for the parties to move forward.  (Doc. #45 at 10-11).  Additionally, Ms. Tractenberg states that resolution of these questions will determine whether litigation continues or is immediately halted. (Doc. # 45 at 11).

With respect to the first element, an interlocutory order "involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal, or (2) the question is 'serious to the conduct of the litigation either practically or legally.'"  <u>In re Chocolate Confectionary Antitrust Litigation</u>, 607

F.Supp. 2d at 705.  "[O]n the practical level, saving of time of the district court and of expense to the litigants was deemed by the sponsors [of 28 U.S.C. § 1292(b)] to be a highly relevant factor." Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974).

Additionally, "[m]ere disagreement with a ruling does not constitute a substantial ground for difference of opinion, as required under the second factor for interlocutory appeal."[3] In re Powell, No. 06-4085, 2006 U.S. Dist. LEXIS 80598, 2006 WL 3208843, at *2 (E.D. Pa. Nov. 3, 2006).  "Rather, the difference of opinion must arise out of genuine doubt as to the correct legal standard.  For example, a moving party's citation to numerous conflicting decisions on the same issue might constitute a sufficient basis for the finding that substantial differences of opinion exist." Morgan v. Ford Motor Co., 2007 U.S. Dist. LEXIS 5455, at *24 (D.N.J. Jan.25, 2007).

Finally, Section 1292(b) requires the district court to conclude that permitting an interlocutory appeal of an otherwise non-appealable Order "may materially advance the ultimate termination of the litigation."  28 U.S.C. 1292(b).  Under this prong, a court should "evaluate whether an appeal could eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense." In re Chocolate Confectionary Antitrust Litigation, 607 F.Supp. 2d at 707.

I do not find good cause to certify the September 2nd Orders for interlocutory appeal, specifically considering the strong public policy favoring arbitration.  The

---

[3] Additionally, "[t]he mere fact that a question of law is one of first impression will not, standing alone, make that question ripe for immediate review" and "the party seeking certification should articulate some alternative legal theory which supports the opposing view." Educ. Testing Serv. v. Katzman, No. 85-3768, 1986 U.S. Dist. LEXIS 25245, at *8-9 (D.N.J. May 21, 1986).

situation in this case is no different from any case compelling arbitration and staying the action pending arbitration.  Ms. Tractenberg remains able to resolve all her claims, albeit on an individual level, through arbitration.  Additionally, Ms. Tractenberg fails to distinguish between mere disagreement with this court's application of the governing law and substantial difference of opinion regarding the issue of contract formation.  Ms. Tractenberg cites no authority supporting her position and establishing a substantial ground for difference of opinion.

Finally, certifying the Orders for interlocutory appeal would not "materially advance the ultimate termination of [this] litigation."  28 U.S.C. § 1292(b).  In fact, certifying the Orders would delay, rather than advance, the termination of this case, insofar as it would require the parties to undertake proceedings at the appellate level before any arbitration could take place.

**IV.    Conclusion**

For the above reasons, I will deny plaintiff's motion for reconsideration and application for certification pursuant to 1292(b).

An appropriate Order follows.